IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HUGH E. REID, #47983-004                                                          PETITIONER

VERSUS                                               CIVIL ACTION NO. 5:13-cv-215-KS-MTP

WARDEN FISHER                                                                     RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court *sua sponte* for consideration of dismissal. Petitioner Hugh E. Reid, an inmate at the Federal Correctional Institute-Yazoo, Yazoo City, Mississippi, files this petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2241. Upon review of the petition and applicable case law, the Court comes to the following conclusion.

Petitioner was convicted in the United States District Court for the Southern District of Florida of bank robbery and use of a firearm in the commission of a felony. Pet. [1] p. 1. Petitioner was sentenced to a total term of 360 months pursuant to a judgment entered on January 4, 1995. *Id*. The United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction in 1996. *Id.* p. 2. Petitioner subsequently filed a motion to vacate pursuant to 28 U.S.C. § 2255 which was denied on January 26, 2006. *Id*. p. 3.

Petitioner's § 2241 habeas petition is based on the following:

GROUND 1: Due Process was violated when the magistrate clearly stated that an illegal arrest was made and would not release petitioner on a "technicality" thus invoking petitioner's right to claim actual innocents [sic] pursuant to 28 U.S.C. § 2241.

GROUND 2: Prosecutorial and judicial misconduct violated my due process and constitutional rights to a fair trial where both parties knowingly and willingly failed to release petitioner after sharing knowledge/information of an illegal arrest thus invoking petitioner's right to claim actual innocents [sic] pursuant to 28 U.S.C. § 2241.

>GROUND 3: Counsel of record was ineffective by prejudicing petitioner during opening statements at trial thus violating petitioner's right to a fair trial and prejudicing petitioner thus invoking petitioner's right to claim actual innocents [sic] pursuant to 28 U.S.C. § 2241.

Pet. [1] at 6-8.

I.   Analysis

Under 28 U.S.C. § 2241, a petitioner may attack the manner in which his sentence "is carried out or the prison authorities' determination of its duration," and a § 2241 petition "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  But a motion filed pursuant to "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. Immigration and Naturalization Service*, 106 F.3d 680, 683 (5th Cir.1997) (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990)).  As noted by the Fifth Circuit Court of Appeals, "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Pack*, 218 F.3d at 452 (brackets in original) (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Here, Petitioner is challenging matters that occurred at or prior to sentencing.  Petitioner's grounds therefore are not properly asserted under § 2241, and "[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack*, 218 F.3d at 452 (citing *Ojo*, 106 F.3d at 683).  There is, however, an exception to this general rule.  A prisoner can resort to § 2241 if he satisfies his burden of establishing the so-called savings clause of § 2255, which "provides a means to petition the courts for issuance of the 'Great Writ' when § 2255 is inadequate or unavailable." *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 346 (5th Cir. 2002).

"To fall under this provision, petitioner must claim actual innocence and retroactivity." *Frees v. Maye*, 441 Fed. App'x 285, No. 11–50296, 2011 WL 4349322, at *2 (5th Cir. Sept. 19, 2011) (unpublished table opinion)(citing *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001)).  As such,

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense *and* (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena*, 243 F.3d at 904 (emphasis added).

Petitioner was not convicted of a "nonexistent offense."  He was found guilty by a jury of bank robbery and use of a firearm in commission of a felony.  These crimes have not been retroactively voided.  Thus, Petitioner fails to meet the first prong of the Reyes-Requena test. *See Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) ("Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense." (footnote omitted)); *see also Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001) (holding that failure to instruct jury that it must convict Jeffers unanimously on each of the specific violation constituting the continuing series of violations did not amount to a conviction of a "nonexistent offense" as required by *Reyes-Requena*).  Because Petitioner is required to prove both prongs of the *Reyes-Requena* test to access the savings clause of § 2255, this Court need not address the second prong.

Finally, this Court notes that Petitioner filed an unsuccessful § 2255 motion in the sentencing court.  But Petitioner's lack of success under § 2255 fails to establish that the § 2255 remedy is "inadequate or unavailable."  *Wilson v. Roy*, 643 F.3d 433, 435 (5th Cir. 2011)(citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000)).  Likewise, the inability to meet the

AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective. *Id.* (citing *Tolliver*, 211 F.3d at 878).

Because Petitioner's claims fail to meet the stringent requirements of the savings clause, his Petition [1] must be dismissed. *Pack*, 218 F.3d at 452. And to the extent this Court could construe these claims pursuant to § 2255, the motion must be filed in the sentencing court. *Id.* at 451, *see also* 28 U.S.C. § 2255(a). The United States District Court for the Southern District of Florida sentenced Petitioner and he is therefore required to pursue his § 2255 motion in that court. This Court lacks jurisdiction to consider the motion.

II.     Conclusion

As stated above, Petitioner does not meet the "savings clause" of § 2255. Consequently, this Petition [1] for relief pursuant to § 2241 is dismissed with prejudice as frivolous, and, to the extent that the Petition can be construed as a § 2255 motion, it is dismissed with prejudice for lack of jurisdiction. *See Ojo*, 106 F.3d at 683.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 7th day of November, 2013.

>                                 *s/Keith Starrett*
>                                 UNITED STATES DISTRICT JUDGE